Samuel CANN, Appellant

v.

George HAYMAN, Commissioner, Department of Corrections; Ronald Cathel, Administrator of New Jersey State Prison; Michelle R. Ricci, Associate Administrator; Pamela Trent, Assistant Administrator; Donald Mee, Assistant Administrator; Sgt. Newsom, Custodial Official of NJSP; Daniel Martain, Cor; Officer Ozvart, H/O Officer New Jersey State Prison.

No. 08–3032.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Aug. 20, 2009.

Opinion filed: Sept. 30, 2009.

Samuel Cann, Trenton, NJ, for Plaintiff–Appellant.

Before: BARRY, SMITH and GARTH, Circuit Judge.

OPINION

PER CURIAM.

Appellant Samuel Cann appeals from an order of the District Court dismissing his civil rights complaint for failure to state a claim. For the reasons that follow, we will affirm.

I.

Cann is an inmate at the New Jersey State Prison in Trenton. According to his complaint, on September 15, 2005, Cann submitted a written grievance to the New Jersey State Prison Administration, alleging that funds in his inmate account had been tampered with by prison officials. The grievance "accused the officials of indifference," and stated that Cann "should not have to pay for the blunders of an

incompetent social services department." (Pl. Comp. at 2.)

On November 8, 2005, Cann set off a metal detector three consecutive times upon return from a morning prison yard exercise. He was escorted from the yard, and Appellee Sgt. Newsom conducted a strip search and a "visual body cavity search." (Pl. Comp. at 3.) Cann complied with both searches, and no contraband was found. Appellee Officer Martain then gave an additional order to "squat and cough." Cann stated to Martain that "there was [no] policy that says he has to do that; and that the orders were completely unreasonable." (Pl. Comp. at 4.) Cann then questioned Newsom as to whether that particular order was permitted by institutional guidelines, and ultimately refused to comply.

Because of Cann's noncompliance with the order, he was subsequently placed in the BOSS chair [1], subjected to two additional searches by Martain, Newsom and an Officer Johnson, made to submit a urine sample administered by Appellee Pamela Trent, and in the end was placed in a "dry cell" at the instruction of Trent.[2] None of these measures resulted in the discovery of contraband. However, Cann was charged with two disciplinary infractions: one based on his refusal to submit to a search and the other based on his refusal to obey the "squat and cough" and order. (Dist. Ct. Op. at 3.)

Cann spent six days in the dry cell, and then was moved to a different detention unit for several days before the disciplinary hearing was to commence. During that time, he "received a copy of the grievance form that he submitted back in September of 2005; although there was no documented resolution on this remedy form, [Trent's] signature was on the grievance." (Pl. Comp. at 6.) After four continuances, a disciplinary hearing was held before Appellee Officer Ozvart. Cann was adjudicated guilty on the charge of refusing the order to squat and cough; the other charge was dropped. Ozvart imposed a fifteen-day detention and a ninety-day administrative segregation. (Dist. Ct. Op. at 3.) After his administrative appeal of Ozvart's decision was unsuccessful, Cann filed a complaint in state court alleging deprivations of his civil rights in relation to his treatment after setting off the metal detector. The Superior Court of New Jersey, Appellate Division denied relief and the New Jersey Supreme Court denied certification. *See Cann v. Dep't of Corr.*, 2006 WL 2714604 (N.J.Super.App.Div. Sep. 25, 2006), *aff'd*, 189 N.J. 428, 915 A.2d 1051 (2007).

Cann then filed this pro se action in the United States District Court for the District of New Jersey against several prison officials ("Appellees"), alleging violations of his civil rights under 42 U.S.C. § 1983. Specifically, Cann alleged First Amendment retaliation, Fourth Amendment unreasonable search, Eighth Amendment cruel and unusual punishment, and Fourteenth Amendment due process/equal protection claims. The District Court dismissed Cann's complaint with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C.

---

1. "Body Orifice Security Scanner ("BOSS") chair. The BOSS chair is a non-intrusive, high sensitivity detector designed to detect metal objects hidden in body cavities. It is used to screen inmates for weapons and contraband objects that might be hidden in anal, oral, vaginal, and nasal cavities. It will not pick up non-metallic items such as drugs, cigarettes, or money. The BOSS Chair is not foolproof, but it enhances any other search conducted on an arriving inmate." *Dodge v. County of Orange*, 282 F.Supp.2d 41, 53 (S.D.N.Y.2003).

2. The characteristics of a "dry cell" were described by the District Court. (Dist. Ct. Op. at 3 n. 1).

§§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Cann appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal for failure to state a claim. *See Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). When reviewing a complaint dismissed under § 1915(e)(2)(B), we apply the same standard provided for in Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999). Thus, we "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Allah,* 229 F.3d at 223 (quotation omitted). Moreover, we liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam).

To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* — U.S. —, —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quotation omitted); *see also United States Dep't of Transp., ex rel. Arnold v. CMC Eng'g,* 564 F.3d 673, 676 (3d Cir.2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. Furthermore, "[i]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." *Phillips v. County of Allegheny,* 515 F.3d 224, 228 (3d Cir.2008); *see also Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004).

## III.

As a preliminary matter, we see no indication in the record that the District Court gave Cann an opportunity to amend his complaint after its initial screening. Nor does the District Court speak to the inequity or futility of such an amendment in its opinion. Nonetheless, we agree with the District Court that Cann's complaint fails to state a viable claim under the First, Fourth, Eighth and Fourteenth Amendments, for substantially the reasons given in the District Court's thorough opinion.[3]

In short, the claims in Cann's complaint lack facial plausibility, *see Iqbal,* 129 S.Ct. at 1949, because the complained-of actions by the prison officials were not improper, let alone unconstitutional, given Cann's "triple triggering" of the metal detector in the yard and his subsequent refusal to comply with Martain's order to squat and cough. The responsive actions take by prison officials were rationally related to legitimate penological interests and goals. And despite his attempts to shift the focus from his conduct to provisions of the New Jersey Administrative Code, Cann nevertheless concedes that he did not comply with Martain's order. The reasoning of the Appellate Division, in rejecting one of Cann's state law claims, provides a helpful analog for these points:

> It is undisputed that the inmate did not do what he was told to do: squat and cough. Certainly, the guards were entirely justified in giving such an order when the strip search failed to produce the object that triggered the metal detector; not only for their safety, but also that of other inmates. The command to squat and cough was certainly less invasive than a digital or instrumented inspection of his rectum. Furthermore, the DOC had little choice but to put the

---

**3.** For these same reasons, we find that amendment would have been futile.

inmate in a dry cell because of the risk to the guards and other inmates from a secreted weapon.

*Cann*, 2006 WL 2714604, at *2.

Cann maintains on appeal, as he did in the complaint, that the metal detector was set off because it was malfunctioning. Even if that were the case, this fact does not validate his noncompliance with Martain's order to squat and cough. We emphasize here the Supreme Court's dictate that "prisoners have no legitimate expectation of privacy." *Hudson v. Palmer*, 468 U.S. 517, 530, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

Accordingly, we will affirm the District Court's order dismissing Cann's complaint for failure to state a claim.